(63 Misc. Rep. 535.)

### In re HIDDEN.

· (Supreme Court, Special Term, New York County.  June, 1909.)

TRUSTS (§ 193½*)—INVESTMENTS.

    A will, providing that certain shares of corporate stock should be held in trust during the life of testator's widow and son, gave the trustee no power to invest any of the assets of the trust estate in corporate stock. A corporation, of whose capital stock the trust estate owned certain shares, decided to increase its stock, and offered the additional stock to then stockholders at par. *Held*, that the court would not approve borrowing money on the original shares of stock as collateral to enable the trustee to subscribe for the additional stock, the loan to be repaid from the proceeds of a mortgage held by the trustee, and shortly payable; but, the rights of subscription being part of the trust estate, which the trustee might sell, the court would order a sale of such rights at the highest market value and the reinvestment of the proceeds in securities permissible under the laws of the state.

    [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 193½.*]

Application by Thomas B. Hidden, as trustee under the will of William H. Webb, deceased, for instructions. Instructions given.

Samuel Roberts Taylor, for petitioner.
Carter, Ledyard & Milburn, for Webb's Academy.
Frederick P. Bellamy, for William E. Webb.

GUY, J. The decedent left a will, by the provisions of which a trust was created, to continue during the life of his widow and son, or the survivor, which provided that certain specific property of the decedent should be held in trust, consisting in part of 200 shares of the capital stock of the Central Trust Company. The Central Trust Company has recently declared a dividend of 200 per cent. upon the capital stock of the company, amounting to the sum of $40,000, which, under the provisions of the will, will be payable as income to the surviving beneficiary of the trust estate. At the same time said company gave notice to its stockholders of a special meeting, to be held on June 4, 1909, to authorize the trebling of the capital stock of said company and the offering of such additional capital stock for subscription at par to the present stockholders.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The trust estate will shortly come into possession of an amount of money, now invested upon bond and mortgage, nearly sufficient to pay the subscription price of such additional stock. No power is conferred, by the will of decedent or the codicils thereto, upon the trustee to invest any part of the assets of the trust estate in the capital stock of any corporation whatsoever. The rights of subscription to said stock have a large market value, and the trustee under the will asks the advice and direction of the court as to what course he shall adopt in the matter.

Three courses have been suggested by the various parties in interest, as follows:

First. The borrowing of sufficient money by the trustee, using the 200 shares of stock now held by the trustee as collateral for that purpose, to enable the trustee to subscribe to such additional stock, the loan to be paid from the proceeds of the mortgage held by the trustee which will shortly become due and payable, so that the permanent indebtedness of the estate would be but a small fraction of the sum invested in additional stock.

Second. The selling of a portion of the rights of subscription, so that the sum realized from such sale, together with the moneys soon to be collected, would furnish a sufficient amount to pay in full the subscription to the additional stock.

Third. The sale of the entire rights in question at their market value, and the investment of the proceeds thereof by the trustee.

It seems to have been well settled by the courts of this state that rights of subscription of this character are part of the principal of the trust estate, and that the trustee has power to sell the same and reinvest the proceeds. See Robertson v. De Brulatour, 111 App. Div. 883, 98 N. Y. Supp. 15, affirmed 188 N. Y. 301, 80 N. E. 938. I am of the opinion that the suggested course of procuring a loan for the purpose of investing in additional stock would not be in harmony with the purpose of the trust. The decedent limited the extent to which the trust created by him should be invested in this form of security; and, in the absence of power to alter the form of investment, the court cannot approve of the course suggested.

The same objection applies to the proposition for the sale of part of the rights and the use of the moneys resulting from the payment of the mortgage for the purpose of such investment. In the opinion of the court, the only proper course to be followed by the trustee is to sell the rights of subscription at the highest market value and invest the proceeds thereof for the benefit of the trust estate in such securities as are permissible under the laws of this state; and the court so directs.

Ordered accordingly.